# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **CATHERINE M. MCCARTHY** | : | |
| | : | Civil Action Number: |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| **CVS PHARMACY, INC.** | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Catherine M. McCarthy by and through the undersigned counsel, brings this Complaint against Defendant CVS Pharmacy, Inc., and pleads as follows:

## INTRODUCTION

1.

Plaintiff Catherine M. McCarthy brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA" to (1) recover the overtime pay that was denied her and an additional amount as liquidated damages; and (2) for her costs of litigation, including her reasonable attorneys' fees.

2.

In addition to her federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as her federal claims.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel for unpaid wages.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant CVS is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Gwinnett County, Georgia.

7.

CVS Pharmacy, Inc., (hereinafter "CVS") employed Plaintiff.

8.

CVS employed Plaintiff from January 17, 2005 until October 19, 2010.

9.

CVS employed Plaintiff as a Certified Pharmacy Technician in and around Store #2108 located at 5095 Peachtree Parkway, Norcross, Georgia.

10.

CVS employed Plaintiff Catherine M. McCarthy as a Certified Pharmacy Technician in and around Store #4718 located at 11625 Jones Bridge Road, Alpharetta, GA.

11.

From on or about January 17, 2005 until October 19, 2010, Plaintiff Catherine M. McCarthy was an "employee" of Defendant CVS as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

12.

From on or about January 17, 2005 until October 19, 2010, Plaintiff Catherine M. McCarthy was "engaged in commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

CVS is a Rhode Island corporation registered to do business in Georgia that may be served through its registered agent, Corporation Process Company, 180 Cherokee Street, NE, Marietta, Georgia 30060.

14.

At all times material hereto, Defendant CVS was Plaintiff's "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

From on or about January 17, 2005 until October 19, 2010, Defendant CVS has been "engaged in commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

At all time material hereto, Defendant CVS has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

17.

Defendant CVS is subject to the personal jurisdiction of this Court.

18.

From November 2009 through October 19, 2010, Plaintiff regularly worked "off the clock" for the benefit of Defendant including time spent doing inventory.

19.

Defendant knew or should have known of Plaintiff's "off the clock" work on its behalf.

20.

Plaintiff was not compensated for this "off the clock" work.

21.

Most of this "off the clock" work was subject to the overtime premium required by the FLSA.

**COUNT I — FAILURE TO PAY OVERTME**

22.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

23.

At all times material hereto, Plaintiff Catherine M. McCarthy has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

24.

From November of 2009 through October 19, 2010, Plaintiff Catherine M. McCarthy often worked "off the clock" in excess of forty (40) hours during a given work week without the overtime compensation provided for by the FLSA

25.

Defendant willfully failed to pay Catherine M. McCarthy at one and one half times her regular rate for all hours worked "off the clock" in excess of forty (40) hours from November 2009 through October 19, 2010.

26.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

27.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

28.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

29.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

30.

Plaintiff and Defendant were parties to a contract of employment (hereafter "the Contract") from on or about January 17, 2005 until October 19, 2010.

31.

The Contract provided that Defendant would pay Plaintiff for all work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

32.

Defendant's failure to pay Plaintiff for "off the clock" work from on or about November 2009 through October 19, 2010 constitutes a material breach of the Contract.

33.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT III – QUANTUM MERUIT**

34.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

35.

From on or about November 2009 through October 19, 2010, Plaintiff served as a Certified Pharmacy Technician for Defendant.

36.

Plaintiff's service as a Certified Pharmacy Technician for Defendant as described above was valuable to Defendant.

37.

Defendant requested Plaintiff's services as a Certified Pharmacy Technician.

38.

Defendant knowingly accepted Plaintiff's services as a Certified Pharmacy Technician for her "off the clock" work.

39.

The receipt of Plaintiff's services as a Certified Pharmacy Technician for Defendant without compensation would be unjust.

40.

Plaintiff expected to be compensated at the time she provided her services as a Certified Pharmacy Technician.

41.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services she provided as a Certified Pharmacy Technician for Defendant, in an amount to be determined at trial.

**COUNT IV - PROMISSORY ESTOPPEL**

42.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

43.

Defendant promised to pay Plaintiff in return for Plaintiff's services as a Certified Pharmacy Technician for it.

44.

Defendant should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Certified Pharmacy Technician for Defendant.

45.

Defendant's promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Certified Pharmacy Technician for Defendant, to her detriment.

46.

Plaintiff's services as a Certified Pharmacy Technician for Defendant conferred a benefit on Defendant.

47.

Defendant failed to pay Plaintiff in accordance with its promise for her "off the clock" work.

48.

Plaintiff relied on Defendant's promise.

49.

Plaintiff's reliance on Defendant's promise was reasonable.

50.

Injustice can only be avoided by enforcement of Defendant's promise.

51.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services she provided as a Certified Pharmacy Technician for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendant; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC

                                              /S/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER                         CHARLES R. BRIDGERS
101 MARIETTA STREET                           GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                                /S/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                            KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com                 GA. BAR NO. 262375
kevin.fitzpatrick@dcbflegal.com
                                              COUNSEL FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| **CATHERINE M. MCCARTHY** | : | |
| | : | Civil Action Number: |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| **CVS PHARMACY, INC.** | : | |
| | : | |
| Defendant. | : | |

**<u>CERTIFICATE OF COUNSEL</u>**

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with New Century Schoolbook (13 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

- 13 -