# EXHIBIT A

## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made and entered into by and between Catherine McCarthy ("Plaintiff" or "McCarthy"), and CVS Pharmacy, Inc., Georgia CVS Pharmacy, L.L.C., Big B. Drugs, Inc., and Gwinnett CVS, Inc. ("Defendants").

WHEREAS, Plaintiff has filed a lawsuit now pending against Defendants, an action the U.S. District Court for the Northern District of Georgia, *Catherine M. McCarthy v. CVS Pharmacy, Inc., Georgia CVS Pharmacy, L.L.C., Big B Drugs, Inc., and Gwinnett CVS, Inc.*, Case No. 1:11-CV-3240-SCJ (the "Lawsuit");

WHEREAS, Defendants deny all allegations made in the Lawsuit;

WHEREAS, Plaintiff and Defendants (collectively the "Parties") desire to settle fully and finally any and all of Plaintiff's claims arising out of Plaintiff's employment;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties as follows:

1. Consideration. In consideration for this Agreement:

    a. Defendants will pay to Plaintiff the gross amount of $7,909.00, payable in two checks. The first check will be a payroll check payable to Catherine M. McCarthy for wages alleged to be owed in the gross sum of $3,954.50 (Three Thousand Nine Hundred Fifty-Four Dollars and Fifty Cents), less all applicable withholdings, and for which Defendants shall issue a W-2. The second check will be made payable to Catherine M. McCarthy for alleged liquidated damages in the gross sum of $3,955.50 (Three Thousand Nine Hundred Fifty-Four Dollars and Fifty Cents), and for which Defendants shall issue a 1099 form designating this payment as "other income."

    b. Defendants will pay to Plaintiff's counsel the gross amount of $13,900.00 (Thirteen Thousand Nine Hundred Dollars), reflecting Plaintiff's attorneys' fees and costs in connection with the Lawsuit. This check is payable to Kevin D. Fitzpatrick, Attorney, located at 3100 Centennial Tower, 101 Marietta Street, Atlanta, Georgia 30303. Defendants further require completion of a W-9 form by Plaintiffs' counsel before payment can be issued and will issue a 1099 for this payment.

    c. The payments in 1.a and b. above shall be mailed to Plaintiff's counsel within twenty-one (21) calendar days after the occurrence of the last of the following required conditions precedent: 1) the Court approves the parties' settlement and dismissal of this action with prejudice, 2) Plaintiff signs this Agreement, and 3) Defendants receive the required tax identification information from Plaintiff's counsel. Each party agrees to bear its own fees and costs in connection with completion of the settlement.

 CM

Page 1 of 4

d. Plaintiff agrees that the foregoing constitutes an accord and satisfaction and a full and complete settlement of her claims and constitutes the entire amount of monetary consideration to be provided to Plaintiff pursuant to this Agreement. Plaintiff agrees that she will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this Agreement.

e. Plaintiff acknowledges and agrees that Defendants have made no representations to Plaintiff regarding the tax consequences of any amounts received by Plaintiff or her counsel pursuant to this Agreement. Plaintiff agrees to pay federal or state taxes that are required by law to be paid with respect to this Agreement. In the event that Defendants are notified by any taxing authority that a portion of said settlement amount should have been withheld, Plaintiff shall be notified within twenty (20) days by Defendants in order to allow Plaintiff to contest any such alleged obligation. If it is finally determined that Defendants are required to pay both its tax obligation and the tax obligation of Plaintiff regarding the settlement amount paid to Plaintiff, then Plaintiff will indemnify Defendants for payment of Plaintiff's tax obligation and any related assessed interest and penalties.

2. No Pending Actions And Covenant Not to Sue. With the exception of the Lawsuit referenced above, filed in federal court, Plaintiff represents she has not filed any complaint alleging failure to pay wages due against Defendants, its officers, agents, directors, supervisors, employees or representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns with any state, federal or local agency or court, and that Plaintiff will not do so at any time hereafter. Should Plaintiff violate this provision, Plaintiff shall be liable to Defendants for its reasonable attorneys' fees and other litigation costs and expenses incurred in defending such action.

3. Dismissal. In conjunction with signing the Agreement and approval by the Court, Plaintiff will cause her Lawsuit to be dismissed with prejudice as against all parties by executing a Joint Stipulation of Dismissal and returning it with the signed Agreement to counsel for Defendants for filing with the Court. This Agreement is expressly conditioned upon Court approval of the parties' settlement, and upon full and proper execution of the Request for Dismissal and the actual dismissal with prejudice by the Court of all of the causes of action alleged in the Lawsuit. If the Court refuses or fails to approve settlement or to dismiss the entire Lawsuit with prejudice, this Agreement is null and void.

4. Release of Wage – Related Claims by Employee. Plaintiff, without limitation, hereby irrevocably and unconditionally releases and forever discharges Defendants, and Defendants' officers, agents, directors, supervisors, employees, representatives, attorneys, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors, and all persons acting by, through, under, or in concert with any of them from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities related in any way to any alleged failure to properly pay Plaintiff for all

CM

work performed, including wages of any kind or nature whatsoever, arising under state, federal or local law or common law. All such claims, including related attorneys' fees and costs, are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort; any alleged unlawful act, any other claim or cause of action; and regardless of the forum in which it might be brought.

5. No Admission. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants or Defendants' employees of any liability whatsoever, or as admission by Defendants of any violation of the rights of Plaintiff, violation of any order, law, statute, duty or contract whatsoever. Defendants specifically disclaim any liability to Plaintiff for any alleged violation of her rights, or for any alleged violation of any order, law, statute, duty or contract on the part of the Defendants or its employees, agents or successors.

6. Successors and Assigns. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. Plaintiff expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

7. Severability. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this Agreement.

8. Entire Agreement and Modification. The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements and understandings, written or oral, between the parties hereto pertaining to the subject matter hereof. This Agreement may only be amended or modified by a writing signed by the parties hereto. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated.

9. Interpretation and Governing Law. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Georgia.

CM

10. <u>Voluntary Agreement</u>. Plaintiff understands and agrees as follows:

   a. Plaintiff has had a reasonable time within which to consider this Agreement before executing it.

   b. Plaintiff has carefully read and fully understands all of the provisions of this Agreement, which is written in a manner that Plaintiff clearly understands.

   c. Plaintiff is, through this Agreement, releasing Defendants, from any and all claims Plaintiff may have against them arising before the execution of this Agreement.

   d. Plaintiff knowingly and voluntarily agrees to all of the terms in this Agreement.

   e. Plaintiff knowingly and voluntarily intends to be legally bound by this Agreement.

   f. Plaintiff was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice prior to signing this Agreement. Plaintiff further acknowledges that Plaintiff has consulted with her attorney prior to signing this Agreement.

Dated: 5/4/2012                    By: *Catherine McCarthy*
                                       Catherine McCarthy

Dated: 5/8/2012                    For Defendants
                                   By: *[signature]*
                                   Name: Regan M. Greene
                                   Title: Sr. Legal Counsel

___ CM                             Page 4 of 4